CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 11, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Clayton Leo Moneymaker, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:25-cv-00084 |
| v. ) | |
| ) | |
| Jacqueline Dohn Moneymaker *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff Clayton Leo Moneymaker, proceeding *pro se*, sues Judge Rachel Figura of the Harrisonburg Juvenile & Domestic Relations Court, Jacqueline Dohn Moneymaker, and Ms. Moneymaker's attorney, Kelsey Marker, for various violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, the Fourteenth Amendment's Due Process Clause, the Health Insurance Portability and Accountability Act ("HIPAA"), Va. Code § 32.1-127.1:03(A), and an unspecified "neutral tribunal requirement." (Mot. for Temp. Restraining Order at 3 (Dkt. 3) [hereinafter "TRO Mot."]; *see* Compl. (Dkt. 1).)[1] This matter is before the court on Moneymaker's motion for leave to proceed *in forma pauperis* (Dkt. 2).

---

[1] The court must liberally construe pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This liberal construction rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022); *see Farnsworth v. U.S. Dep't of Treasury*, No. 24-6016, 2024 WL 2795181, at *1 (4th Cir. May 31, 2024) ("[I]t is the substance of th[e] pleadings, rather than their labels, that is determinative."). Here, where Moneymaker's motion for a temporary restraining order clarifies his claims significantly more than his bare-bones complaint, the court will construe the two together as the pleadings.

The court will grant the motion and dismiss Moneymaker's complaint under Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     Background[2]

Moneymaker and Defendant Jacqueline Moneymaker, represented by Defendant Kelsey Marker, are parties to an ongoing proceeding in the Harrisonburg Juvenile & Domestic Relations ("J&DR") Court. (TRO Mot. at 1–2.) On July 29, 2025, Moneymaker informed the J&DR Court of his admission to a "Wellness Center" for unspecified treatment. (*Id.* at 1.) Approximately three and a half hours later, Marker issued subpoenas seeking the production of Moneymaker's medical and mental health records from all providers. (*Id.*) On August 22, 2025, the Harrisonburg J&DR Court denied Moneymaker's motion to quash the subpoenas, which were directed at Augusta Health, Region Ten, and the Valley Community Services Board ("VCSB"), and ordered the production of all Moneymaker's health records from February 2025 to the present day. (*Id.* at 2.) The Court also declined to conduct an *in camera* review of the documents and told Moneymaker that it would not "flip through 181 pages to pick and choose what to allow [Jacqueline Moneymaker] to use against [him]." (*Id.*) Marker represented Jacqueline Moneymaker, who was not present, at that hearing. (*Id.*)

Moneymaker made various filings following the Harrisonburg J&DR Court's ruling, including a "Notice of Intent to Appeal," "Motion to Stay Enforcement of Subpoena Order

---

[2] The facts alleged in Moneymaker's complaint are accepted as true when evaluating whether the complaint states a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pending Appeal," "Notice of Procedural Deprivation and Objection to Blanket Release of Records," "Notice of Preservation of Federal Rights," "Motion to Compel Petitioner's Records," and a "Motion to Recuse Judge Figura" on account of bias. (*Id.*) Nevertheless, Moneymaker was informed that Augusta Health, Region Ten, and the VCSB would release his records before the Harrisonburg J&DR Court would transmit his appeal to the Circuit Court for Harrisonburg and Rockingham County. (*Id.* at 3.)

On August 26, 2025, Moneymaker filed a complaint in the U.S. District Court for the Western District of Virginia. (*See* Compl.) In it, Moneymaker asserts that Defendant Figura, a Harrisonburg J&DR Court judge, "ordered the wholesale release of [his] mental health records stating her awareness they would be weaponized, while denying [him] safeguards." (*Id.* at 4.) He further alleges that this decision "follows a prolonged history of selective enforcement and procedural bias[] (ignored filings, undocketed motions[,] etc.)." (*Id.*) The complaint contains no other factual allegations and does not itself list a cause of action or any relief sought. On the civil cover sheet attached to the complaint, however, Moneymaker notes that his claim is brought under the ADA. (*See* Dkt. 1-1.) Moneymaker also filed a motion for leave to proceed *in forma pauperis*. (Dkt. 2.)

The same day, Moneymaker filed a motion for a temporary restraining order and preliminary injunction. (TRO Mot.) Moneymaker claims that he is entitled to emergency injunctive relief on various claims, which he outlines for the first time in this motion. First,

Moneymaker argues that he is likely to succeed on the merits of a 42 U.S.C. § 1983[3] claim for a due process violation stemming from the Harrisonburg J&DR Court's decision to excuse Jacqueline Moneymaker from being present in court, instead allowing her to be represented solely by Marker and, in turn, "denying [Moneymaker] adversarial process." (*Id.* at 3.) Next, Moneymaker claims he is likely to succeed on the merits of claims under HIPAA and Va. Code § 32.1-127.1:03(A), as "[b]lanket subpoenas with no safeguards violate" these statutes. (*Id.*) Moneymaker also claims retaliation under the ADA and Section 504 of the Rehabilitation Act, stemming from the act of being "penalized with discovery orders and sanction motions immediately after asserting disability-related needs and seeking treatment." (*Id.*) Finally, Moneymaker contends that Judge Figura's statement "shows a departure from neutrality" in violation of an unspecified "neutral tribunal requirement." (*Id.*)

Moneymaker attaches to his motion a letter from a mental health provider, the Harrisonburg J&DR Court's order denying Moneymaker's motion to quash, an emergency motion for a temporary injunction and stay of the enforcement of the subpoena that Moneymaker seems to have attempted to file in the Circuit Court for Harrisonburg and Rockingham County, (Dkt. 3-1), various related motions filed in the Harrisonburg J&DR Court, (Dkt. 3-2), and a proposed order, (Dkt. 3-3). Moneymaker requests injunctive relief

---

[3] Although Moneymaker does not expressly cite § 1983 in his complaint, "that statute provides the basis for the cause of action when a plaintiff sues a state actor for the deprivation of rights secured by the U.S. Constitution." *Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth.*, 807 F.3d 62, 66 (4th Cir. 2015) (construing plaintiff's Fourteenth Amendment due process claim as brought pursuant to § 1983). The court will accordingly treat Moneymaker's Fourteenth Amendment due process claim as having been brought pursuant to this statute.

preventing Augusta Health, Region Ten, and the Valley Community Services Board from producing his medical records pursuant to the subpoenas of the Harrisonburg J&DR Court. (Dkt. 3 at 4–5.) He also requests that any records already produced by these entities be sealed and restricted from review or release. (*Id.* at 5.)

## II.     Standard of Review

After allowing a plaintiff to proceed *in forma pauperis*, the court must "dismiss the case at any time" if it determines that the action (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When evaluating whether a complaint "fails to state a claim on which relief may be granted" under § 1915(e)(2)(B)(ii), the court applies the same standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Apart from § 1915(e)(2)(B), a federal court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). "Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern*, 190 F.3d at 654. The party asserting subject matter jurisdiction has the burden to show that jurisdiction exists. *Id.*

### III.   Analysis

To begin, because Moneymaker sues Judge Figura for actions taken in her adjudicatory capacity, the court concludes that Article III's requirement of a justiciable controversy is not satisfied and this court lacks subject matter jurisdiction over the claims against Judge Figura. Article III of the U.S. Constitution limits federal courts' jurisdiction to "questions presented in an adversary context." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). This court must therefore determine whether Moneymaker and Judge Figura are "adverse litigants" before reaching the merits of Moneymaker's claims. *See Frazier v. Prince George's Cnty., Md.*, 140 F.4th 556, 562 (4th Cir. 2025). The Fourth Circuit has recently held that there is no justiciable controversy "where a judge acts in [her] *adjudicatory* capacity rather than as an enforcer or administrator." *Id.* (emphasis in original) (internal quotation marks omitted). "[A] judge's role is adjudicative when the judge act[s] as they would in any other case by finding facts and determining law in a neutral and impartial judicial fashion." *Id.* (internal quotation marks omitted).

Here, the actions of which Moneymaker complains are "actions taken while presiding over other parties' disputes" in Judge Figura's adjudicatory capacity, and therefore do not

- 6 -

create a justiciable controversy. *See id.* at 566. Judge Figura's management of a motions hearing and issuance of discovery orders are regular functions performed by a judge to adjudicate the merits of the action before her. Moreover, Moneymaker has alleged no facts which would support a finding that Judge Figura's "statement that [his] records would be used 'against' [him]" is a departure of neutrality that suffices to generate subject matter jurisdiction for this court. (*See* TRO Mot. at 3.) Judge Figura's decisions "are properly reviewed through 'some form of appeal[]' rather than 'an injunction against a state court or its machinery.'" *Frazier*, 140 F.4th at 566 (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)). Indeed, Moneymaker appears to have appealed Judge Figura's denial of his motion to quash already, and seeks review in this court to speed up that process. (*See* TRO Mot. at 2–3.) Because the court does not have subject matter jurisdiction over Moneymaker's claims against Judge Figura, it will dismiss them. *See Frazier*, 140 F.4th at 566 (affirming dismissal of plaintiffs' claims against judicial defendants, but for lack of subject matter jurisdiction).

As to the remaining claims against Marker and Jacqueline Moneymaker, the court concludes that Moneymaker has failed to state a claim on which relief may be granted. To the extent Moneymaker alleges that Marker and/or Jacqueline Moneymaker committed violations of the ADA or Section 504 of the Rehabilitation Act, neither statute permits suits against private individuals. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (citing *Hiler v. Brown*, 177 F.3d 542, 545–46 (6th Cir. 1999)). Moneymaker therefore cannot maintain those claims against Marker and Jacqueline Moneymaker. Nor can Moneymaker bring a suit under HIPAA against either Defendant, as HIPAA does not create a private right of action. *Payne v.*

*Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021) (collecting cases). The same is true for Va. Code § 32.1-127.1:03(A), which "cannot be interpreted as creating a private right of action where none previously existed." *Shumate v. City of Martinsville*, No. 151285, 2016 WL 5327477, at *2 (Va. Sept. 22, 2016); *see Cherrie v. Va. Health Servs., Inc.*, 787 S.E.2d 855, 858 (Va. 2016) ("Nothing in title 32.1, chapter 5, however, authorizes a private party to bring a civil action to enforce regulations of the Board of Health."). As such, Moneymaker's claims against Marker and Jacqueline Moneymaker will also be dismissed.

## IV. Conclusion

For the reasons stated above, Moneymaker's motion for leave to proceed *in forma pauperis* (Dkt. 2) will be **GRANTED**, and Moneymaker's complaint will be **DISMISSED without prejudice** pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii). Moneymaker's motion for a temporary restraining order and preliminary injunction will accordingly be **DENIED** as moot.

An appropriate Order will issue.

**ENTERED** this 11th day of September, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE